FILED

NOV 1 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

GILBERT P. HYATT, )
)
Plaintiff, )
)
v. )   CASE NUMBER 1:05CV02310
)
Hon. JON W. DUDAS, )   JUDGE: Henry H. Kennedy
)
Under Secretary of Commerce )   DECK TYPE: Administrative Agency Rev
for Intellectual Property and )
Director of the United States Patent )   DATE STAMP: 11/18/2005
and Trademark Office, )
)
Defendant. )

---

**PLAINTIFF GILBERT P. HYATT'S COMPLAINT
TO AUTHORIZE THE DIRECTOR TO ISSUE LETTERS PATENT**

Plaintiff Gilbert P. Hyatt, by and through his attorneys Crowell & Moring LLP, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action arising under the patent laws of the United States. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 35 U.S.C. § 145.

2. The United States District Court for the District of Columbia is the appropriate venue for this action, pursuant to 28 U.S.C. § 1391(e) and 35 U.S.C. § 145.

**THE PARTIES**

3. The plaintiff is Mr. Hyatt, an inventor and recipient of over sixty U.S. patents.

3

4. The defendant is the Honorable Jon W. Dudas, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director of the United States and Patent and Trademark Office.

## GENERAL ALLEGATIONS

5. Mr. Hyatt is the owner and named inventor of certain patent applications filed with the United States Patent and Trademark Office ("PTO"), including the patent application that is the subject of this Complaint: U.S. Patent Application Serial No. 08/457,211 ("the '211 application").

6. The PTO has rejected certain claims of the '211 application as unpatentable, and has refused to issue a patent for the inventions claimed therein.

7. During the administrative proceedings involving the '211 application, the PTO failed to apply or comply with applicable case law and the PTO's statutory and regulatory requirements in examining Mr. Hyatt's application, in reviewing the actions of the examiner, in reconsidering its own actions, and ultimately in refusing to issue a patent on the claimed inventions.

8. Mr. Hyatt previously has filed civil actions before this Court under 35 U.S.C. § 145 (including Civil Action Nos. 03-108 (EGS), 03-901 (HHK), 04-1138 (HHK), 04-1139 (HHK), 04-1222 (EGS), 04-1496 (EGS), 04-1802 (HHK), 05-309 (EGS), 05-310 (HHK), and 05-834 (EGS)) with respect to certain patent applications identified therein.

9. At hearings before this Court on September 25, 2003 (Civil Action No. 03-108 (EGS)) and again on October 17, 2003 (Civil Action No. 03-901 (HHK)), the Court was informed that Plaintiff had additional applications pending at the PTO and that the parties were taking steps to stay the cases at the administrative level.

10. Thereafter, on October 24, 2003, the PTO memorialized this understanding in a letter to Plaintiff's counsel: "[i]t is our understanding that both parties to the above litigations wish to avoid the filing of additional civil actions that would likely be assigned to the same judges under Local Civil Rule 40.5(c). We propose to avoid this by granting to Plaintiff, upon request, renewable extensions of the deadline to file complaints or court appeals in any such related applications in which the Plaintiff receives adverse Board decisions."

11. In accordance with this understanding, during the period from October 2003 to May 2004, Mr. Hyatt requested and was granted extensions of time by the PTO within which to file complaints or appeals for several patent applications.

12. In view of the continued pendency of civil actions before this Court (rulings of which may bear upon the applications pending before the PTO), in May 2004, Mr. Hyatt requested a further extension of the deadline to file complaints (or appeals) with respect to several patent applications pending before the PTO.

13. In response to Mr. Hyatt's May 2004 request, the PTO, in a change of practice, entered an Order dated May 27, 2004, effectively refusing to grant an additional extension of time beyond July 1, 2004. In order to preserve his rights, Mr. Hyatt therefore was required to, and did, commence civil actions for certain pending applications (Civil Action Nos. 04-1138 (HHK) and 04-1139 (HHK)).

14. The PTO's May 27, 2004 Order also suggested the PTO would grant further extensions of time if Mr. Hyatt would agree that the issues surrounding "one or more of the cases would be mooted by a judgment in one of the litigations." Based on this suggestion, in a June 29, 2004 submission, Mr. Hyatt complied and averred that certain applications "would stand or fall

together with any final decision rendered in the application[s] currently pending before Judge Sullivan in Civil Action No. 03-108." Notwithstanding Mr. Hyatt's compliance with the PTO's suggestion, the PTO refused to extend the time for filing civil actions in this Court on those particular applications beyond July 14, 2004. In order to preserve his rights, Mr. Hyatt therefore was required to, and did, file a civil action for those particular applications (Civil Action No. 04-1222 (EGS)).

15. Subsequently, with respect to other applications, the PTO has refused to extend the time for filing civil actions pending the resolution of related matters currently before the Court. Consequently, Mr. Hyatt has been required to file additional civil actions (*i.e.*, Civil Action Nos. 04-1496 (EGS), 04-1802 (HHK), 05-309 (EGS), 05-310 (HHK), and 05-834 (EGS)).

16. The deadline for filing a civil action (or taking an appeal) with respect to the '211 application expires on November 21, 2005. Based on the PTO's actions and communications with Mr. Hyatt and his representatives, it would be futile to seek further extensions of time to file a civil action pending the resolution of related matters currently before the Court with respect to the '211 application. As a consequence, Mr. Hyatt has commenced this civil action.

## CAUSE OF ACTION
(For Issuance of the '211 application)

17.　Paragraph nos. 1-16 are incorporated herein by reference.

18.　Mr. Hyatt filed his '211 application on June 1, 1995. As amended, the '211 application is entitled "Improved Image Processing Architecture" and includes the following claims: 125-136, 139, 151-153, 156-161, 167-177, 194-202, 210, 211, 220-222, 234-238, 250-257, 266-291, 298, 299, 306, 307, 314-323, 329-332, 334-336, 338-341, 343-346, and 348-522 ("the pending '211 claims"). Each of these claims is patentable, the '211 application and the pending '211 claims satisfy all applicable statutory and regulatory requirements, and the PTO should issue a patent on the '211 application.

19.　During the PTO's examination of the '211 application, a PTO examiner rejected the pending '211 claims under 35 U.S.C. § 112, first paragraph, for allegedly lacking adequate written description support and enablement support and under 35 U.S.C. § 103(a) for alleged obviousness. Mr. Hyatt appealed the examiner's rejections to the United States Patent and Trademark Office Board of Appeals and Interferences (the "Board"). The Board sustained the written description rejections for all of the pending '211 claims, sustained the enablement rejections for some of the pending '211 claims, and sustained the obviousness rejections for some of the pending '211 claims. Mr. Hyatt then sought rehearing of the Board's decision. On rehearing, the Board sustained all of the rejections previously affirmed in its Decision. Having exhausted his administrative remedies before the PTO, Mr. Hyatt now seeks relief from this Court as statutorily permitted under 35 U.S.C. § 145.

20.　The PTO made reversible errors of fact and law during its administrative examination and review, in that the PTO erred in rejecting the pending '211 claims for lack of

written description, lack of enablement, and obviousness; and in refusing to grant a patent on the '211 application on these claims. The PTO's errors included the failure to apply the correct legal standards during its examination and review, and the failure to give proper consideration to the evidence of record.

21.    All of the pending '211 claims are patentable, satisfy the applicable statutory and regulatory requirements, and are entitled to be issued in a patent.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hyatt respectfully requests that Judgment be entered for plaintiff, and that plaintiff be granted the following relief:

(i)    A decree that the PTO erred in concluding that the '211 application does not satisfy the requirements of the Patent Statute, 35 U.S.C. § 1 *et seq*.

(ii)    A decree that Mr. Hyatt is entitled to receive a U.S. patent for the subject matter claimed in the '211 application.

(iii)    A decree authorizing the Director of the United States Patent and Trademark Office to issue a patent for the subject matter claimed in the '211 application, pursuant to 35 U.S.C. § 145.

(iv)    Such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Respectfully submitted,

*Michael I. C.*

Wilma A. Lewis (D.C. Bar No. 358637)
Michael I. Coe (D.C. Bar No. 479231)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
wlewis@crowell.com
mcoe@crowell.com
Counsel for Plaintiff Gilbert P. Hyatt

Of Counsel:

Gregory L. Roth (# 447558)
Suite 780
6 Centerpointe Drive
La Palma, California 90623-1082
(714) 521-1333

Vincent Turner (# 443025)
P.O. Box 33189
Las Vegas, Nevada 89133-3189
(702) 396-4670

Dated: November 18, 2005