FILED
NOV 1 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GILBERT P. HYATT,         )
                          )
        Plaintiff,        )
                          )      CASE NUMBER  1:05CV02310
        v.                )
                          )      JUDGE: Henry H. Kennedy
Hon. JON W. DUDAS,        )
                          )      DECK TYPE: Administrative Agency Rev.
    Under Secretary of Commerce for
    Intellectual Property and Director   DATE STAMP: 11/18/2005
    of the United States Patent and
    Trademark Office,     )
                          )
        Defendant.        )

## PLAINTIFF GILBERT P. HYATT'S
### *EX PARTE* MOTION REGARDING FILING DATE OF COMPLAINT

Plaintiff Gilbert P. Hyatt respectfully moves the Court to set the filing date of the complaint (and each of the associated filings) in this action to today, November 18, 2005, the date on which the filings are being submitted to the Court. Of significance, Mr. Hyatt is filing the complaint (and supporting papers) in advance of a deadline imposed by the United States Patent and Trademark Office ("PTO"). Specifically, with respect to the patent applications at issue in his complaint, Mr. Hyatt is required by November 21, 2005, to either file an appeal with the U.S. Court of Appeals for the Federal Circuit or, as he did here, file a civil action under 35 U.S.C. § 145 with the U.S. District Court for the District of Columbia.

### Background

Today, on November 18, 2005, Mr. Hyatt submitted the complaint (together with the supporting papers and filing fee) in this matter to the Court for filing. Included with the complaint, in

addition to this motion, were two *ex parte* motions: (1) an emergency motion to excuse Mr. Hyatt from having to comply with Local Civil Rule 5.1(e)(1), requiring him to include his "full residence address" on the Complaint; and (2) a motion to submit Mr. Hyatt's "full residence address" to the Court under seal.

As discussed in his Complaint, Mr. Hyatt has had to file a number of civil actions with respect to other patent applications. As with this case, Mr. Hyatt each time has sought leave of Court to be excused from complying with Local Civil Rule 5.1(e)(1). Sometimes the Court has date-stamped the complaint (and associated papers) on the date they were submitted to the Court; other times the complaint (and associated papers) were date-stamped sometime later, after the Court had granted Mr. Hyatt leave to be excused from the Local Civil Rule. Where this has happened, Mr. Hyatt has had to move to have the filing date amended. *See, e.g.*, Civil Action No. 04-1496 (EGS). Accordingly, this motion is intended to be prophylactic, ensuring that Mr. Hyatt is accorded a proper, and correct, filing date without the need for later briefing.

**Argument**

A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. A complaint is "filed" when submitted to the clerk of the court. Fed. R. Civ. P. 5(e); *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1257 (D. Kan. 2001) ("Filing under Rule 5(e) occurs with the delivery of the papers into the actual possession or custody of the clerk"). Indeed, the rule that "filing is complete once the document is delivered to and received by the proper official" precedes the Federal Rules of Civil Procedure. *Cent. States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 34 F. Supp. 2d 1092, 1094 (N.D.Ill. 1999) (citing *United States v. Lombardo*, 241 U.S. 73 (1916)). Case law further

confirms that, as a general matter, a complaint is "filed" – and the civil action "commenced," at least for statute of limitations purposes – when it is delivered to and received by the clerk of the court. *E.g., Leggett v. Strickland*, 640 F.2d 774 (5th Cir. 1981) (standard for filing is whether the complaint "was ever in the actual or constructive possession of the clerk"); *Rosenberg v. Martin*, 478 F.2d 520 (2d Cir. 1973) (agreeing that "[t]he action must be treated as commenced . . . when the Clerk of the Court received the complaint"); *Am. Express Travel Related Serv. Co., Inc. v. Farley*, 146 B.R. 82 (S.D.N.Y. 1992) ("the cases show that filing occurs upon receipt in the clerk's office"); *Carrasco v. City of Monterey Park*, 18 F. Supp. 2d 1072, 1075 (C.D.Cal. 1998) ("For statute of limitations purposes, a complaint is deemed 'filed' when tendered to the clerk, even if the clerk refuses to officially file it"); *see also Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1058 n.2 (D.C. Cir. 1988) (MacKinnon, J., concurring) (citing *Rosenberg* with approval).[1]

Consistent with this line of authority, a complaint is deemed filed upon receipt by the clerk *even* when it fails to comply with all the formal requirements of the local rules. *United States v. Dae Rim Fishery Company, Ltd.*, 794 F.2d 1392, 1395 (9th Cir. 1986) ("[w]e have previously held that a complaint is filed when it is placed in the actual or constructive custody of the clerk, despite any subsequent rejection by him of the pleading for non-compliance with a provision of the local rules"); *Lyons v. Goodson*, 787 F.2d 411 (8th Cir. 1986) (holding that "for purposes of the statute of limitations, a complaint is 'filed' when it is lodged with the court even though it is technically deficient under local rules"); *Loya v. Desert Sands Unified School District*, 721 F.2d 279281 (9th Cir. 1983) (holding that "for purposes of the statute of limitations

---

[1] A split of authority appears to exist in the circuit courts with respect to whether payment of the filing fee under 28 U.S.C. § 1914 is jurisdictional, and thus whether submitting a complaint without the filing fee constitutes a "filing" for purposes of Rules 3 and 5(e) of the Federal Rules of Civil Procedure. *Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256 (10th Cir. 1994) (discussing split of authority). That particular issue is not

the district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules"); *see also Mondy*, 845 F.2d at 1058 n.2 (MacKinnon, J., concurring) (citing *Lyons* with approval).

In view of the foregoing, the filing date of Mr. Hyatt's complaint (and associated papers) is and should be today, November 18, 2005, *regardless* of when the Court acts on Mr. Hyatt's other *ex parte* motions. Today the complaint and supporting papers were delivered to and received by the clerk of the court with duly filed motions to excuse Mr. Hyatt from having to include his "full residence address" in the complaint and to submit it instead under seal. Any subsequent action by the Court with respect to Mr. Hyatt's motions should not be deemed to alter the filing date of the properly and timely submitted complaint.

Accordingly, Mr. Hyatt respectfully requests this Court to enter an order requiring that the complaint (and associated papers) be accepted for filing on November 18, 2005 – the date on which they were submitted and received by the Court.

---

implicated here since Mr. Hyatt submitted payment of the filing fee with his complaint.

Respectfully submitted,

*[signature]*

Wilma A. Lewis (D.C. Bar No. 358637)
Michael I. Coe (D.C. Bar No. 479231)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
wlewis@crowell.com
mcoe@crowell.com

Counsel for Plaintiff Gilbert P. Hyatt

Of Counsel:

Gregory L. Roth (# 447558)
Suite 780
6 Centerpointe Drive
La Palma, California 90623-1082
(714) 521-1333

Vincent Turner (# 443025)
P.O. Box 33189
Las Vegas, Nevada 89133-3189
(702) 396-4670

Dated: November 18, 2005

2670959