FILED

NOV 18 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GILBERT P. HYATT, )
)
Plaintiff, )
)
v. )
)
Hon. JON W. DUDAS, )
)
Under Secretary of Commerce )
for Intellectual Property and )
Director of the United States Patent )
and Trademark Office, )
)
Defendant. )

CASE NUMBER 1:05CV02310

JUDGE: Henry H. Kennedy

DECK TYPE: Administrative Agency Rev

DATE STAMP: 11/18/2005

## PLAINTIFF GILBERT P. HYATT'S EMERGENCY
## *EX PARTE* MOTION TO BE EXCUSED FROM LOCAL CIVIL RULE 5.1(e)(1)

Plaintiff Gilbert P. Hyatt respectfully requests that he be excused from Local Civil Rule 5.1(e)(1), requiring that he include his "full residence address" in his filings with the Court.

Mr. Hyatt seeks to file his Complaint today, November 18, 2005, in this action under 35 U.S.C. § 145, challenging the U.S. Patent and Trademark Office's refusal to issue a patent on a certain patent application, which Mr. Hyatt contends includes patentable subject matter and otherwise satisfies all applicable statutory and regulatory requirements.

As demonstrated by the attached Declaration of Gilbert P. Hyatt, Mr. Hyatt has placed his residence in a trust and has otherwise gone to substantial lengths to protect his privacy. *See* Exhibit 1. Public disclosure of Mr. Hyatt's residence address would impose considerable hardship on him, while the public has no interest in knowing the address of his residence.

7

Local Civil Rule 5.1(e)(1) requires a plaintiff to include his "full residence address" in the caption of the first filing, which in this case is the complaint. This rule is apparently designed to ensure that, in cases grounded on diversity jurisdiction, the plaintiff shows at the outset that the parties are in fact diverse. In this case, however, jurisdiction is grounded not on diversity but on a federal question under the patent laws. *See* 35 U.S.C. § 145. Accordingly, requiring the public disclosure of Mr. Hyatt's address would not serve the apparent purpose of Rule 5.1(e)(1).

Moreover, the D.C. Circuit has instructed district courts to balance the following factors in determining whether to seal documents or information in a case: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *In re Sealed Case*, 237 F.3d 657, 666 (D.C. Cir. 2001). In this case, each of those factors supports maintaining the confidentiality of Mr. Hyatt's address. Indeed, Mr. Hyatt has previously been excused from this requirement in other patent cases before this Court based on a consideration of these factors.[1] Specifically:

(1)   The public has no need for access to Mr. Hyatt's address.

(2)   Mr. Hyatt has gone to great lengths to keep his address confidential.

(3)   Mr. Hyatt himself is objecting to disclosure.

(4)   Mr. Hyatt has a very strong right of privacy at stake.

---

[1] *See, e.g, Hyatt v. Rogan*, No. 03-108 (EGS); *Hyatt v. Rogan*, No. 03-901 (HHK); *Hyatt v. Dudas*, No. 04-1138 (HHK); *Hyatt v Dudas*, No. 04-1139 (HHK); *Hyatt v. Dudas*, No. 04- 1222 (EGS); *Hyatt v. Dudas*, No. 04- 1496 (EGS); *Hyatt v. Dudas*, Civil Action No. 04-1802 (HHK); *Hyatt v. Dudas*, Civil Action No. 05-309 (EGS); *Hyatt v. Dudas*, Civil Action No. 05-310 (HHK); and *Hyatt v. Dudas*, Civil Action No. 05-834 (EGS).

(5)     No one will be prejudiced as a result of not knowing Mr. Hyatt's address.

(6)     The information would be introduced pursuant to a local rule that has no relevance to this case.

Given the great importance to Mr. Hyatt and the lack of importance to the public, Mr. Hyatt should be excused from the requirement that he include his address on his complaint. In view of the foregoing, Mr. Hyatt respectfully requests that he be excused from Local Civil Rule 5.1(e)(1). A proposed order is attached.

                      Respectfully submitted,

                      */s/ Michael I. Coe*
                      Wilma A. Lewis (D.C. Bar No. 358637)
                      Michael I. Coe (D.C. Bar No. 479231)
                      **CROWELL & MORING LLP**
                      1001 Pennsylvania Avenue, N.W.
                      Washington, D.C. 20004
                      Telephone: (202) 624-2500
                      Facsimile: (202) 628-5116
                      wlewis@crowell.com
                      mcoe@crowell.com

                      Counsel for Plaintiff Gilbert P. Hyatt

Of Counsel:

Gregory L. Roth (# 447558)
Suite 780
6 Centerpointe Drive
La Palma, California 90623-1082
(714) 521-1333

Vincent Turner (# 443025)
P.O. Box 33189
Las Vegas, Nevada 89133-3189
(702) 396-4670

Dated:  November 18, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GILBERT P. HYATT, )
)
Plaintiff, )
)
v. ) Civil Action No.
)
Hon. JON W. DUDAS, )
)
Under Secretary of Commerce )
for Intellectual Property and )
Director of the United States Patent )
and Trademark Office, )
)
Defendant. )

## DECLARATION OF GILBERT P. HYATT

I, Gilbert P. Hyatt, submit this declaration in support of my motion to be excused from Local Civil Rule 5.1(e)(1) in this case.

1. I am a resident of Las Vegas, Nevada. I have been a resident of Las Vegas for more than 10 years.

2. During that time, I have been careful to keep my residence address private and I have taken significant precautions and incurred significant expense to maintain my privacy.

3. For example, I purchased my residence through a trust that does not reflect my name as the owner in the public records. I took this precaution for several reasons. I have been described in numerous newspaper articles as an inventor working on high technology inventions and more recently as a person with substantial wealth. This makes me particularly susceptible to industrial espionage as well as to robbery. I have been harassed by estranged relatives, promoters, salesmen, and the curious. I have received threatening telephone calls. I have

performed important research and development on my inventions at my residence. I have kept confidential technical information and developmental hardware and software regarding my inventions and my research and development at my residence. Thus, I have made a significant effort to protect my privacy.

4.      Maintaining my privacy is important for protecting my assets, for protecting my technologies, and for enabling me to do my work.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 14, 2005.

*Gilbert P. Hyatt*
Gilbert P. Hyatt