## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GILBERT P. HYATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-2310 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| Hon. JON W. DUDAS, | ) | |
| | ) | |
| Under Secretary of Commerce for | ) | |
| Intellectual Property and | ) | |
| Director of the United States Patent | ) | |
| and Trademark Office, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant Jon W. Dudas, in his official capacity as Under Secretary of

Commerce for Intellectual Property and Director of the United States Patent and

Trademark Office, hereby answers Plaintiff's Complaint to Authorize the Director to

Issue Letters Patent ("Complaint") in this matter as follows:

### First Defense

Plaintiff's Complaint fails under Rule 12(b)(4) for insufficiency of process.

### Second Defense

Plaintiff's Complaint fails under Rule 12(b)(5) for insufficiency of service of

process.

### Third Defense

None of Plaintiff's pending patent claims within the application at issue in this

action are patentable.

**Fourth Defense**

In response to the numbered paragraph of the Complaint, Defendant responds as follows:

**JURISDICTION AND VENUE**

1.     The allegations contained in paragraph 1 of the Complaint constitute Plaintiff's characterization of this civil action and legal conclusions regarding jurisdiction to which no response is required.

2.     The allegations contained in paragraph 2 of the Complaint constitute Plaintiff's characterization as to whether venue is proper in the District of Columbia in this matter, and thus a legal conclusion to which no response is required.

**THE PARTIES**

3.     Defendant admits that Mr. Hyatt is the Plaintiff in this case, that he has received over 60 U.S. Patents, and that he is the named inventor on those patents, but denies the remainder of the allegations in paragraph 3 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth.

4.     Defendant admits the allegations contained in paragraph 4 of the Complaint.

**GENERAL ALLEGATIONS**

5.     Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in paragraph 5 of the Complaint and so denies except that Defendant avers that the Plaintiff is named the "inventor" in the patent application which is identified in this paragraph as the "211 application" and the subject of Plaintiff's Complaint in this action and, as to Plaintiff's allegations that he is

2

the "owner" of the subject patent application, this paragraph asserts a legal conclusion to which a response is not required.

6.    Admit that the United States Patent and Trademark Office ("USPTO") has rejected certain claims within the application specifically identified in paragraph 5 of the Complaint, deny the remainder of the paragraph, and aver that a patent did not issue for the proposed invention to which that application relates.

7.    The allegations contained in paragraph 7 of the Complaint constitute conclusions of law to which no response is required. To the extent, paragraph 7 contains allegations of fact, they are denied.

8.    Admit the allegations contained in paragraph 8 of the Complaint and aver that as of the date of this Answer, Plaintiff has filed at least ten civil actions before this Court under 35 U.S.C. § 145, including Civil Action Nos. 03-0108(EGS), 03-0901(HHK), 04-1138(HHK), 04-1139(HHK), 04-1222(EGS), 04-1496(EGS), 04-1802(EGS), 05-309 (EGS), 05-310(HHK) and 05-834(EGS).

9.    The allegations contained in paragraph 9 of the Complaint constitute Plaintiff's characterizations of two hearings before the District Court. Defendant respectfully refers the Court to true and correct recordings and/or transcripts of those hearings which are the best evidence of their contents, and denies this paragraph insofar as it is inconsistent therewith.

10.    The allegations contained in paragraph 10 of the Complaint constitute Plaintiff's characterization and quotation of selected portions of a letter dated October 24, 2003 from Defendant to Plaintiff. Defendant admits that there exists a letter dated October 24, 2003 from Defendant to Plaintiff and respectfully refers the Court to the entirety of the

letter which is the best evidence of its contents, and denies this paragraph insofar as the paragraph is inconsistent therewith.

11.     Deny the allegations contained in paragraph 11 of the Complaint, except to admit that during the period from October 2003 through May 2004, Plaintiff requested and was granted extensions of time by the USPTO to commence civil actions and/or appeals to the Federal Circuit relating to some of his patent applications, and deny expressly that the extensions were granted in accordance with any understanding between Mr. Hyatt and the USPTO.

12.     Defendant admits that Plaintiff requested and received multiple extensions of time for several patent applications pending before the USPTO in May 2004, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's motivation for requesting any extensions.

13.     Defendant denies Plaintiff's averments in the first sentence of paragraph 13 of the Complaint.  The second sentence of paragraph 13 contains conclusions of law to which no response is required.  To the extent the second sentence contains any allegations of fact, they are denied.  Defendant avers that the USPTO entered an Order, which is the best evidence of its contents, denying Plaintiff's request for an additional extension of time beyond July 1, 2004, in which to file an appeal or commence a civil action with respect to certain pending patent applications, and that Plaintiff has commenced civil actions regarding certain pending patent applications (Civil Action Nos. 04-1138(HHK) and 04-1139(HHK)).

14.     The first two sentences of paragraph 14 of the Complaint contain Plaintiff's characterizations respectively of a May 27, 2004 USPTO Order and a June 29, 2004

submission to USPTO by Mr. Hyatt, which are the best evidence of their contents;

Defendant denies paragraph 14 insofar as it is inconsistent therewith. Further as to the

second sentence, Defendant lacks knowledge or information sufficient to form a belief as

to the truth of Plaintiff's allegations regarding his mental state and so denies. Further,

Plaintiff's allegations in the third sentence contains conclusions of law to which no

response is required. To the extent that the third sentence contains any allegations of

fact, they are denied. Defendant denies the remainder of the paragraph except that

Defendant avers that Defendant did not extend the time for filing civil actions for certain

applications beyond July 14, 2004.

15.    Admit the first sentence of paragraph 15 of the Complaint. Deny

the second sentence of paragraph 15.

16.    Admit the first sentence of paragraph 16. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of Plaintiff's allegations contained in

the second sentence of paragraph 16 and so denies. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of Plaintiff's allegations contained in

the third sentence of paragraph 16 and so denies, but avers that the Plaintiff has

commenced a civil action regarding the application which is the subject of his Complaint

in this matter.

## CAUSE OF ACTION

(For Issuance of the '211 application)

17.    Defendant's responses to the allegations at paragraphs 1 through 16 of the

Complaint are incorporated herein by reference.

18.    The allegations contained in the first and second sentences in paragraph 18 of

5

the Complaint are admitted.  The allegations contained in the third sentence in paragraph

18 constitute conclusions of law to which no response is required.  To the extent, the

third sentence contains an allegation of fact, denied.

19.     The allegations contained in the first, second, third, fourth, and fifth sentences

of paragraph 19 of the Complaint are admitted.  The allegations contained in the sixth

sentence of paragraph 19 are conclusions of law to which no response is required.  To the

extent, the sixth sentence contains an allegation of fact, denied.

20.     The allegations contained in paragraph 20 of the Complaint constitute

 conclusions of law to which no response is required.  To the extent, paragraph 20

contains allegations of fact, denied.

21.     The allegations contained in paragraph 21 of the Complaint constitute

conclusions of law to which no response is required.  To the extent paragraph 21 contains

allegations of fact, they are denied.


## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no

response is required.  To the extent, a response is required.  Defendant denies that

Plaintiff is entitled to any relief of whatsoever from the defendant.  Defendant hereby

specifically denies all allegations of the Complaint not expressly admitted in this Answer.

WHEREFORE, Defendant requests that the Court enter a judgment:

a.      Dismissing the Complaint against Defendant with prejudice;

b.      Awarding Defendant compensation pursuant to 35 U.S.C. § 145 for all

        expenses incurred in defending this action; and

6

c.     Awarding Defendant such other and further relief as the Court deems just,

equitable and proper.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney
District of Columbia

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

Of Counsel:
John M. Whealan, Solicitor
William G. Jenks, Associate Solicitor
U.S. Patent and Trademark Office
P.O. Box 15667
Arlington, Virginia  22215

## **CERTIFICATE OF SERVICE**

I certify that, on this _____ day of June 2006, the foregoing, and the attached

Order, were mailed postage prepaid to:

Wilma A. Lewis
Michael I. Coe
Crowell & Moring, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Counsel for Plaintiff Gilbert P. Hyatt

_____
MARIAN L. BORUM
Assistant United States Attorney

8