**FILED**

**AUG 2 3 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILBERT P. HYATT,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHELLE K. LEE,<br><br>    Under Secretary of Commerce<br>    for Intellectual Property and<br>    Director of the United States<br>    Patent and Trademark Office,<br><br>    Defendant. | Civil Action No. 05-2310 (RCL) |

## MEMORANDUM OPINION AND ORDER

This case relates to U.S. patent application 08/457,211 (the '211 application) and is brought under 35 U.S.C. § 145. This case is similar to several other § 145 claims filed by the same plaintiff. The related cases in front of this Court include 03-cv-901, 09-cv-1864, and 09-cv-1869, and 09-1872. This opinion should be read in conjunction with the memorandum opinions filed in those cases as the arguments and legal positions taken by the parties often overlap or are variants of each other. In this case the parties have filed cross motions for summary judgment.

Defendant moves for summary judgment in large part based on a waiver-type argument. Specifically, they argue Mr. Hyatt may not raise the issue of how most of his claims satisfy the written description requirement. Def.'s Mot. Summ. J. 1, ECF No. 2310. As the Court noted in 09-cv-1872, this argument is unpersuasive as it runs contrary to the Supreme Court holding in *Kappos v. Hyatt*. Mem. Op. at __ *Hyatt v. Lee* (No. 09-cv-1872), ECF No. __.

In *Kappos v. Hyatt*, the Court allowed for new evidence in § 145 proceedings, and thus logically allowed for—at a minimum—the attendant arguments. The Court noted however, that district courts have "broad discretion over the weight to be given to evidence newly adduced in the § 145 proceedings." *Kappos v. Hyatt*, 132 S. Ct. 1690, 1700 (2012). Here, the parties present competing experts that dispute both facts presented to the United States Patent and Trademark Office (USPTO) in prior administrative proceedings as well as facts not presented to the USPTO. Given the dispute over material facts, including how one of normal skill in the art would have understood the claims in question at the time of the claimed invention—a key issue in this case— as well as the Supreme Court's holding that evidence may be weighed by the district court rather than excluded as a matter of course, the Court finds the claims in this case are best resolved at trial.[1] Both plaintiff and defendant's motions for summary judgment are **DENIED**.

The Court will schedule a status conference to set a schedule for further proceedings herein.

Signed this 23rd day of August, 2016.

*Royce C. Lamberth*
ROYCE C. LAMBERTH
United States District Judge

---

[1] The Court notes that defendant moved for summary judgment on "product claims" in 09-cv-1864, 09-cv-1869, and 09-cv-1872. While there are very similar claims at issue here, defendant did not move for summary judgment on the basis that the product claims in 05-cv-2310 were overly broad.