FILED
APR 28 2017
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GILBERT P. HYATT,

    Plaintiff,

v.

MICHELLE K. LEE,

    Under Secretary of Commerce
for Intellectual Property and
Director of the United States
Patent and Trademark Office,

    Defendant.

Civil Action No. 05-2310
09-1864
09-1869
09-1872

## MEMORANDUM AND ORDER

Before the Court are supplemental briefs concerning what information will be sealed in the course of this litigation. Mr. Hyatt argues that a great deal of the information pertaining to his patent applications and prosecutions should remain sealed. The PTO takes a more narrow view of what should remain sealed, arguing that Mr. Hyatt improperly conflates the statutory scheme governing the PTO's disclosure of information and rules surrounding transparency in litigation. However, the parties have agreed on the legal framework for analyzing the issue—they simply disagree on the conclusion.

I.    **Analysis of *Hubbard* Factors**

Both Mr. Hyatt and the PTO argue that this question is best analyzed under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).[1] *Hubbard* lays out a six part test:

---

[1] Mr. Hyatt writes that 35 U.S.C. § 122, which governs how the PTO protects confidentiality in patent applications, "continues to apply" in this proceeding. Obj. Unsealing 6, ECF No. 79. He also writes § 122 "controls" the *Hubbard* analysis. *Id.* at 7. Yet in his reply brief Mr. Hyatt explains it has "never been [his] contention" that § 122 binds the

1

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

### 1. The Need for Public Access

With regards to the need for public access to the documents, there is a "strong presumption in favor of public access to judicial proceedings." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). This is important in analyzing the *Hubbard* factors because there the Circuit noted that:

> The public . . . had access, inter alia, to the courtroom proceedings on the motion to suppress, to the memoranda filed by the parties in connection with that motion, to the trial judge's memorandum decision on the suppression motion, to the trial judge's memorandum decision on the negotiated disposition, to the stipulated record which was the basis for the defendants' convictions and to the actual "trial" of the criminal charges of which the defendants were convicted.

*United States v. Hubbard*, 650 F.2d 293, 317–18 (D.C. Cir. 1980). That is, the documents at issue in *Hubbard* were not meaningfully limited public access to judicial proceedings.

The documents at issue here include memorandum opinions as well as memoranda filed by the parties. While not all the documents Mr. Hyatt wishes to have sealed are equivalent with respect to their impact on judicial decision-making, many of these documents were the very ones filed by or relied upon by the parties.

The public interest in these documents is heightened because they allow the public to understand the rulings as well as the contours of the disputes between the parties. Additionally,

---

Court. Reply Obj. Unsealing 1, ECF No. 84-1. Accordingly, the Court analyzes this question through the lens of the *Hubbard* factors, as Mr. Hyatt concedes § 122 is not binding.

2

as one of the parties is the PTO, the public's interest is higher still. *Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation. Indeed, the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation.").

In turn, Mr. Hyatt argues that no member of the public has sought to view the confidential materials in this case and further that redactions are sufficient to enable the public to understand the Court's decisions.

However, Mr. Hyatt's primary argument is that under 35 U.S.C. § 122 patent application and prosecution information generally remains confidential before the PTO until a patent is issued. The PTO does not dispute this. Mr. Hyatt argues that this should control the *Hubbard* analysis, and points to *In re Sealed Case*, 237 F.3d 657, 666 (D.C. Cir. 2001) for the proposition that "only rarely, if ever, might the remaining five Hubbard factors counterbalance the strength of [the] . . . privacy interests asserted" by a statute. *Id.* (internal quotations omitted).

Confidentiality, Mr. Hyatt argues, is part of the basic bargain of participating in the patent system. Those awarded patents disclose their technology in trade for exclusive legal rights, but until a patent is issued, the inventor must be allowed to keep their invention secret. Obj. Unsealing 5-6.

While Mr. Hyatt is correct that confidentiality is indeed an essential aspect of the patent system, his reliance on *In re Sealed Case* is misplaced. There, a statute did not permit the FEC to file pleadings related to ongoing investigations on the open record. *In re Sealed Case*, 237 F.3d at 666. Yet in attempting to have a subpoena enforced, the FEC attached exhibits regarding an ongoing investigation. *Id.* at 661. § 122 relates to how the PTO is to handle patent application

3

information and patent prosecution information, not what may be publically filed in litigation. Moreover, at issue here is what documents should be available to the public when a disappointed patent applicant—not the PTO—elects to challenge the PTO's decision in a Federal Court. *See Doe v. Pub. Citizen*, 749 F.3d at 271 ("When parties call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.") (internal quotations omitted).

The docket contains many thousands of pages of sealed information, so a single rule articulating the value of disclosing documents to the public is likely to be problematic. At this stage in the litigation, and after having reviewed proposed redactions—including the Court's rulings on dispositive motions—the Court notes that this factor weighs heavily in favor of disclosing the Court's orders and those materials relied upon by the Court. However, it does not weigh as heavily for disclosing confidential patent information ancillary to the Court's orders or the parties' briefs.

### 2. The Extent of Previous Public Access

Though some of the specifications at issue in these cases have been unsealed, Mr. Hyatt only objects to unsealing those documents that have not previously been disclosed. Accordingly, for the documents at issue, there has been no previous public access. *Hubbard* instructs that if there was previous access it may weigh in favor of disclosure. *Hubbard*, 650 F.2d at 318-319. As there was no such prior access, this does not weigh in favor of disclosure.

### 3. The Fact That Someone Objected and the Identity of That Person

*Hubbard* concerned documents regarding a third party. The third party, whose interests were not identical to that of the parties, objected to disclosure of documents about them. The Circuit found that this third-party objection weighed in favor of non-disclosure. *Hubbard*, 650

F.2d at 319-320. Here, there is no third party objection. While *Hubbard* does note that the strength with which a party objects is significant, *id.*, and Mr. Hyatt does object strenuously, "litigants to this proceeding have a lesser claim to privacy than third parties. . . . Plaintiff[] affirmatively presented evidence . . . in order to obtain an adjudication on the merits of [his] claims." *McConnell v. Fed. Election Comm'n*, 251 F. Supp. 2d 919, 932 (D.D.C. 2003). While the strength of Mr. Hyatt's objections to disclosure are noted, they do not have the same strength as a third-party objection.

### 4. Strength of the Generalized Property and Privacy Interests Asserted

Given the centrality of confidentiality to the patent prosecution process, Mr. Hyatt is correct in noting that there is a substantial privacy interest in patent applications and prosecution history. While Mr. Hyatt has chosen to litigate his claims in Federal Court, thus opting into an adjudicative system that values transparency and disclosure, the Court recognizes that there is a general privacy interest in patent application and prosecution information. This factor thus weights in favor of nondisclosure.

### 5. Possibility of Prejudice

While the nature of the materials in this case is likely very different from those in *Hubbard* or other cases that could involve details of a person's private life, patent applications and prosecution histories could contain proprietary information. However, not all of the information contained in those documents is sensitive and would prejudice Mr. Hyatt if disclosed. This is something Mr. Hyatt acknowledges, and suggests the parties work together to generate redacted documents. Reply Obj. Unsealing 6-7. It is certainly the case that the level of prejudice scales with the document or portion of the document in question. For example, that claims were denied is assuredly no longer sensitive: the fact that Mr. Hyatt is in this Court challenging the PTO's

5

decision necessitates as much. However, it is theoretically possible that specific technical details revealed in these patent applications could prejudice Mr. Hyatt if disclosed.

Currently, the parties have not adequately identified the harms associated with disclosing various documents. In response to the Court's prior order [87], Mr. Hyatt submitted a document [95] that makes broad statements to justify redactions. For example, the very first item on Mr. Hyatt's table of justifications seems to redact over 40 pages of a memorandum supporting a motion for summary judgment for two stated reasons: "PTO application file to remain confidential under 35 U.S.C. § 122" and "Valuable Trade Secrets." Proposed Redactions 4, ECF No. 95-1.

As stated above, and as conceded by Mr. Hyatt, that the PTO must keep documents in confidence does not mean the Court must seal a motion for summary judgment. The contours of secrecy and confidentiality when submitting an application to the PTO and when challenging the PTO's decision in a Federal Court are not coterminous. Moreover, "valuable trade secrets" is insufficient to explain over forty pages of redactions.

Given that there may have been some confusion as to what the Court expected when it ordered that plaintiffs must articulate "the basis for each redaction in each document they wish to remain under seal," the Court will allow plaintiffs another opportunity to do so, consistent with the entirety of this opinion and as explained below.

### 6. The Purpose For Which the Documents Were Introduced

In *Hubbard* the D.C. Circuit explained that the "single most important element" in their conclusion was related to the purposes for which the documents were introduced. *Hubbard*, 650 F.2d at 321. There, documents about third parties were introduced by the defendants in an attempt to address the lawfulness of a search and seizure. They were not determined by the trial judge to

be relevant to the crimes charged, were not used in the subsequent trial, and were not described or expressly relied upon by the judge. *Id.*

As noted in analyzing the first factor and in this Court's prior orders, that is not the case here. The documents in question here include the Court's memorandum opinions, the motions of the parties, and the records and expert reports relied upon by the parties and presented to the Court in support of their motions for summary judgment. Accordingly, this factor weighs in favor of disclosure.

## II. Conclusion

Given the competing interests, the incredibly large volume of material in these cases, and prior submissions to the Court regarding proposed redactions, the Court orders as follows:

The trials in these cases will not be sealed. Parties should expect evidence, hearings, and proposed findings of fact and conclusions of law to be available to the public.

For the Court's prior orders and memorandum opinions, there is a strong interest in public access. As a result, plaintiff must provide a specific justification for each specific proposed redaction. That is, if the plaintiff wished for a sentence to read, "of the [redacted] claims, the Court found that [redacted] such claims related to [redacted]," plaintiff would need to offer three specific justifications: why the number of claims (redaction one) must be redacted, why a number indicating a subset of those claims (redaction two) must be redacted, and why general subject matter of a subset of claims (redaction three) must be redacted. The explanation should articulate how disclosure would adversely affect Mr. Hyatt's privacy or property interests. Plaintiff shall file a report within 20 days and, as necessary, shall file a report every 20 days thereafter indicating their progress in providing the Court with such proposed specific redactions for each of the Court's prior sealed orders or memorandum opinions. Upon receiving these proposed redactions and

accompanying justifications, the Court will weigh the competing interests and determine what portions of the memorandum opinions and orders shall be redacted.

For motions and memoranda in support of motions, the Court will accept redacted copies of such documents to be disclosed on the public docket. The parties shall attempt to provide mutually agreed upon redacted documents. If the parties cannot agree, the parties shall file a report indicating 1) those redactions agreed upon 2) proposed redactions on which the parties disagree, and 3) a concise explanation of each side's position.

Supporting documentation, such as the administrative record or information concerning other patent filings attached as exhibits, shall be placed under seal to the extent requested by Mr. Hyatt. There is a lesser public interest in disclosure of this information, and Mr. Hyatt's interests are at their strongest with respect to these documents.

The Court acknowledges that this means information will not be consistently redacted throughout the docket. That is, a memorandum opinion may contain a quote from the administrative record that the Court does not ultimately redact. That same text will nonetheless be sealed in the administrative record itself. Though not ideal, requiring consistent redactions across tens of thousands of overlapping pages of administrative records in these cases is not in the interest of judicial economy.

IT IS SO ORDERED.

_____
ROYCE C. LAMBERTH
United States District Judge

Date: 9/28/17